Brad J. Moore, WSBA #21802
STRITMATTER KESSLER WHELAN
  WITHEY COLUCCIO
Attorneys for Plaintiffs
200 Second Avenue West
Seattle, Washington  98119-4204
Telephone:  (206) 448-1777
Facsimile:  (206) 728-2131
Email: brad@stritmatter.com

[Additional Counsel Appear On Signature Page]

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| COMMUNITY ASSOCIATION FOR RESTORATION OF THE ENVIRONMENT, INC., a Washington non-profit corporation, <br><br> and <br><br> CENTER FOR FOOD SAFETY, INC., a Washington, D.C. non-profit corporation, <br><br> Plaintiffs, <br><br> v. <br><br> COW PALACE, LLC, a Washington limited liability company, THE DOLSEN COMPANIES, a Washington corporation, and THREE D PROPERTIES, LLC, a Washington limited liability company, <br><br> Defendants. | NO. 2:13-cv-03016-TOR <br><br> **PLAINTIFFS' RESPONSE TO DEFENDANT COW PALACE, LLC'S *DAUBERT* MOTION TO EXCLUDE TESTIMONY IN RELIANCE ON THE EPA REPORT AND TO EXCLUDE EPA REPORT UNDER RULE 403** |

PLAINTIFFS' RESPONSE TO DEFENDANT
COW PALACE, LLC'S DAUBERT MOTION
TO EXCLUDE TESTIMONY IN RELIANCE
ON THE EPA REPORT AND TO EXCLUDE
EPA REPORT UNDER RULE 403
Case No. 2:13-cv-03016-TOR

1

**TABLE OF CONTENTS**

2

**Page No.**

3    I.     INTRODUCTION ..........................................................................1

4    II.    BACKGROUND .........................................................................1

5    III.   ARGUMENT................................................................................2

6           A.    Cow Palace Failed to Identify the Testimony It Seeks to
                  Exclude...........................................................................4
7
             B.    Mr. Maul's Opinions are Unreliable ...................................5
8
             C.    Cow Palace's Attempt to Bolster Mr. Maul's Opinions
9                  with Previously Undisclosed Hearsay Statements Is
                   Improper.........................................................................6
10
             D.    The EPA Report Is a Reliable Source of Data ....................8
11
             E.    The EPA Report is Not Unfairly Prejudicial ....................12
12
      IV.    CONCLUSION ..........................................................................14
13

14

15

16

17

18

19

20    PLAINTIFFS' RESPONSE TO DEFENDANT
      COW PALACE, LLC'S DAUBERT MOTION
      TO EXCLUDE TESTIMONY IN RELIANCE
      ON THE EPA REPORT AND TO EXCLUDE
      EPA REPORT UNDER RULE 403 - i
      Case No. 2:13-cv-03016-TOR

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1

# TABLE OF AUTHORITIES

2

**Page No.**

3

## FEDERAL CASES

4

*Baltimore Gas & Elec. Co. v. Natural Res. Def. Council*,
    462. U.S. 87 (1983) ...................................................................8

5

*Batista v. Supreme Alaska Seafood*,
    C04-1851RSL, 2005 WL 5980048 (W.D. Wash. Oct. 3, 2005) .................13

6

7

*Chem. Mfrs. Ass'n v. EPA*,
    919 F.2d 158 (D.C. Cir. 1990)......................................................9

8

*Daubert v. Merrell Dow Pharm., Inc.*,
    509 U.S. 579 (1993) ........................................................3, 4, 10

9

10

*Dodge v. Cotter Corp.*,
    328 F.3d 1212 (10th Cir. 2003) ...............................................10, 11

11

*Dura Automotive Sys of Ind., Inc. v. CTS Corp.*,
    258 F.3d 609 (7th Cir. 2002) .......................................................7

12

13

*E.E.O.C. v. Farmer Bros. Co.*,
    31 F.3d 891 (9th Cir. 1994) .......................................................13

14

*Envtl. Def. Ctr. v. U.S. EPA*,
    344 F.3d 832 (9th Cir. 2003) .......................................................8

15

16

*Estate of Barabin v. AstenJohnson, Inc.*,
    740 F.3d 457 (9th Cir. 2014) .......................................................4

17

*Indep. Tower of Wash. v. Wash.*,
    350 F.3d 925 (9th Cir. 2003) .......................................................4

18

19

20

PLAINTIFFS' RESPONSE TO DEFENDANT
COW PALACE, LLC'S DAUBERT MOTION
TO EXCLUDE TESTIMONY IN RELIANCE
ON THE EPA REPORT AND TO EXCLUDE
EPA REPORT UNDER RULE 403 - ii
Case No. 2:13-cv-03016-TOR

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

*Kumho Tire Co. v. Carmichael*,
    526 U.S. 137 (1999) ..................................................................3, 4

*Leese v. Lockheed Martin Corp.*,
    6. F. Supp. 3d 546 (D.N.J. 2014)....................................................7

*Luttrell v. Novartis Pharm. Corp.*,
    894 F. Supp. 2d 1324 (E.D. Wash. 2012) ....................................8

*Ohio Valley Envtl. Coalition, Inc. v. Fola Coal Co.*,
    No. 2:13-5006, 2014 WL 4925492 (S.D. W. Va. Sept. 30, 2014)...............9

**FEDERAL RULES**

Fed. R. Evid. 702 ...........................................................2, 3, 8

Fed. R. Evid. 703 .......................................................................3

PLAINTIFFS' RESPONSE TO DEFENDANT
COW PALACE, LLC'S DAUBERT MOTION
TO EXCLUDE TESTIMONY IN RELIANCE
ON THE EPA REPORT AND TO EXCLUDE
EPA REPORT UNDER RULE 403 - iii
Case No. 2:13-cv-03016-TOR

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

# I. INTRODUCTION

Plaintiffs respectfully request that the Court deny Cow Palace LLC's motion to exclude the EPA Report and expert testimony in reliance thereon (ECF No. 200).  First, Cow Palace's motion fails to identify the expert testimony it seeks to exclude.  Second, Cow Palace's motion relies primarily on the declaration of James Maul, whose opinions Plaintiffs have already asked the Court to exclude because they are based on insufficient facts and data (ECF No. 202).  Third, Mr. Maul improperly attempts to bolster his own opinions with the previously undisclosed opinions of others who have never been identified as experts in this case.  Many of Mr. Maul's opinions do little more than parrot those inadmissible hearsay statements.  Fourth, the EPA Report is a reliable source of data.  Finally, there is no reason to exclude the EPA Report under Federal Evidence Rule 403.

# II. BACKGROUND

In 2010, the United States Environmental Protection Agency conducted a study to investigate "the contribution from various land uses to the high nitrate levels in groundwater and residential drinking water."  ECF No. 204-2 at ES-1. Plaintiffs' experts, including Dr. Byron Shaw, Dr. Robert Lawrence, and Mr.

PLAINTIFFS' RESPONSE TO DEFENDANT
COW PALACE, LLC'S DAUBERT MOTION
TO EXCLUDE TESTIMONY IN RELIANCE
ON THE EPA REPORT AND TO EXCLUDE
EPA REPORT UNDER RULE 403 - 1
Case No. 2:13-cv-03016-TOR

1   David Erickson relied on the EPA Report, along with numerous other sources of

2   data, to formulate opinions in this case.  See ECF Nos. 223, 213, 212.

3          Cow Palace has moved to exclude the EPA Report and "expert testimony

4   that relies on the [EPA Report]."  ECF No. 200 at 1.  Cow Palace's motion is

5   based primarily on Mr. James Maul's critique of the EPA Report.  ECF No. 204

6   ¶¶ 1–6.  The expert reports and declarations offered by Dr. Shaw, Dr. Lawrence,

7   and Mr. Erickson number in the hundreds of pages, and Cow Palace deposed each

8   of these experts.  See, e.g., ECF No. 198 (Expert Report of Dr. Byron Shaw);

9   ECF No. 190-11 at 60–66 (Excerpts of the Deposition of Dr. Byron Shaw).

10  Nevertheless, Cow Palace's motion fails to identify what portions of Dr. Shaw's,

11  Dr. Lawrence's,[1] or Mr. Erickson's testimony it seeks to exclude.  See generally

12  ECF No. 200.

13                        **III. ARGUMENT**

14         Federal Rule of Evidence 702 governs the admissibility of expert witness

15  testimony.  It permits "a witness who is qualified by knowledge, skill, experience,

16  training, or education" to offer opinion testimony if:

---

17  [1] Dr. Lawrence testified that the EPA Report is the type of report that he, as an

18  expert, normally relies upon.  ECF No. 205-3 (Lawrence Dep. at 65:21–66:1).

19

20  PLAINTIFFS' RESPONSE TO DEFENDANT
    COW PALACE, LLC'S DAUBERT MOTION
    TO EXCLUDE TESTIMONY IN RELIANCE
    ON THE EPA REPORT AND TO EXCLUDE
    EPA REPORT UNDER RULE 403 - 2
    Case No. 2:13-cv-03016-TOR

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

Under Rule 703, an expert may rely on the kinds of facts and data experts in the field would typically rely on, even if those facts or data would be otherwise inadmissible.

The trial court has wide discretion to act as a gatekeeper for the admissibility of expert testimony. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 151–52 (1999).  The court first determines whether a witness is qualified as an expert, and then turns to the content of the expert's proffered testimony to assess whether it is both relevant and reliable. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993).  In *Daubert*, the Supreme Court identified four factors that bear on the reliability of the expert's testimony, including: "1) whether a theory or technique can be tested; 2) whether it has been subjected to peer review and publication; 3) the known or potential error rate of the theory or technique;

PLAINTIFFS' RESPONSE TO DEFENDANT
COW PALACE, LLC'S DAUBERT MOTION
TO EXCLUDE TESTIMONY IN RELIANCE
ON THE EPA REPORT AND TO EXCLUDE
EPA REPORT UNDER RULE 403 - 3
Case No. 2:13-cv-03016-TOR

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1  and 4) whether the theory or technique enjoys general acceptance within the

2  relevant scientific community." *Estate of Barabin v. AstenJohnson, Inc.*, 740

3  F.3d 457, 463 (9th Cir. 2014) (en banc).  These factors are not a "definitive

4  checklist or test." *Daubert*, 509 U.S. at 593.  Instead the reliability inquiry is

5  "flexible." *Kumho Tire*, 526 U.S. as 141.

6  **A.    Cow Palace Failed to Identify the Testimony It Seeks to Exclude**

7          Nowhere in Cow Palace's seventeen-page motion does it identify the

8  expert testimony it seeks to exclude.  ECF No. 200.  Evidently, Cow Palace

9  expects the Court to comb through all of the expert evidence Plaintiffs' have

10  presented, identify those portions that "rely" on the EPA Report, and then

11  evaluate whether that testimony should be excluded.  The Court should decline to

12  do so.  *See Indep. Tower of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003)

13  ("judges are not like pigs hunting for truffles buried in briefs").

14          Rather than identify any particular expert testimony that it asserts is

15  unreliable, Cow Palace attacks the reliability of the EPA Report in general.

16  Plaintiffs respectfully submit that Rule 702 and *Daubert*, both of which

17  specifically apply to proffered *testimony*, are ill-suited for evaluation of a federal

18  agency's report, and the Court should decline to use them for that purpose.  In

19

20  PLAINTIFFS' RESPONSE TO DEFENDANT
COW PALACE, LLC'S DAUBERT MOTION
TO EXCLUDE TESTIMONY IN RELIANCE
ON THE EPA REPORT AND TO EXCLUDE
EPA REPORT UNDER RULE 403 - 4
Case No. 2:13-cv-03016-TOR

1    addition, Cow Palace's attacks on the EPA Report are meritless and do not

2    undermine the reliability of Plaintiffs' experts' testimony.  This is especially true

3    considering that Defendants' own expert, Dr. Stewart Melvin, explicitly relies

4    upon data from the EPA Report in issuing his opinions in the related *Bosma*

5    matter.   See Declaration of Charles Tebbutt in support of Plaintiffs' Response to

6    Defendant Cow Palace LLC's *Daubert* Motion, Ex. 1.  It is contradictory for

7    Defendants to attack the EPA Report in one instance while relying upon it for the

8    basis of expert testimony in another.

9    **B.    Mr. Maul's Opinions are Unreliable**

10         Cow Palace's critiques of the EPA Report are primarily offered by Mr.

11   Maul.  Mr. Maul's opinions, however, are unreliable and inadmissible under Rule

12   702 because they are based on insufficient facts and data.  Plaintiffs' motion to

13   exclude Mr. Maul's testimony directs the Court to Mr. Maul's deposition

14   testimony admitting that he failed to review available facts and data relevant to

15   his criticisms of the EPA Report, including much of the data presented in the EPA

16   Report.  ECF No. 202 at 3–6; *see also* ECF No. 205-2 (Maul Dep. at 27:3–28:8;

17   36:9–17; 37:4–7; 38:19–39:4; 44:24–45:3; 85:8–16; 97:10–21; 115:23–116:8;

18   124:2–7).  Those arguments are incorporated herein by reference.  Plaintiffs

19

20   PLAINTIFFS' RESPONSE TO DEFENDANT
     COW PALACE, LLC'S DAUBERT MOTION
     TO EXCLUDE TESTIMONY IN RELIANCE
     ON THE EPA REPORT AND TO EXCLUDE
     EPA REPORT UNDER RULE 403 - 5
     Case No. 2:13-cv-03016-TOR

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

respectfully request that the Court reject Mr. Maul's opinion that the EPA Report "cannot be independently verified" and is "biased" (ECF No. 203-1 at 1) because he made no attempt to independently verify it.

## C.   Cow Palace's Attempt to Bolster Mr. Maul's Opinions with Previously Undisclosed Hearsay Statements Is Improper

Federal Rule of Civil Procedure 26(a)(2)(B)(i) requires a testifying expert to provide a written report containing "a complete statement of all opinions the witness will express and the basis and reasons for them."  Mr. Maul's initial expert report did not list any references or authorities relied on.  *See generally* ECF No. 203-1.  Plaintiffs specifically asked Mr. Maul to identify any literature relied on or other bases for his opinions.  ECF No. 205-2 (Maul Dep. at 27:3–32:17).  Mr. Maul testified that the EPA Report and public comments on it prepared by "Arcadis" and "Stuart Turner" were the "complete universe of documents" he looked at in preparing his initial report.  ECF No. 205-2 (Maul Dep. at 32:8–17).  His rebuttal report provides a list of additional documents reviewed, but does not include any other public comments on the EPA Report. ECF No. 203-2 at 14; ECF No. 205-2 (Maul Dep. at 32:18–33:5).

In support of Cow Palace's motion, Mr. Maul <u>for the first time</u> offers four additional public comments on the EPA Report.  *See* ECF No. 204 (Maul Decl.,

PLAINTIFFS' RESPONSE TO DEFENDANT
COW PALACE, LLC'S DAUBERT MOTION
TO EXCLUDE TESTIMONY IN RELIANCE
ON THE EPA REPORT AND TO EXCLUDE
EPA REPORT UNDER RULE 403 - 6
Case No. 2:13-cv-03016-TOR

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

Exs. C–F.)  He characterizes these as comments from "authoritative and reputable experts" and claims to have reviewed them in preparing his declaration.  ECF No. 204 ¶ 4 (emphasis added).  But none of the four individuals have been identified or qualified as an expert in this case.  Moreover, Mr. Maul failed to cite their comments in either of his reports as required by Rule 26(a)(2)(B)(i), and at his deposition he testified that he reviewed only those comments prepared by "Arcadis" and "Stuart Turner."  Thus, Mr. Maul should be precluded from offering opinions based on the comments of the unidentified individuals.

Even if the four comments had been properly disclosed, Mr. Maul's use of them is improper.  Although an expert may rely on the opinions of another expert in formulating his own opinions, an expert may not simply "parrot" the ideas of other experts.  *See Leese v. Lockheed Martin Corp.*, 6. F. Supp. 3d 546, 553 (D.N.J. 2014); *see also Dura Automotive Sys of Ind., Inc. v. CTS Corp.*, 258 F.3d 609, 614 (7th Cir. 2002) ("A scientist, however well credentialed he may be, is not permitted to be the mouthpiece of a scientist in a different specialty.").  Mr. Maul may not simply repeat the opinions of others—who are not hydrogeologists and have not been qualified as experts in this case—as his own.  As his declaration reveals, however, that is precisely what he has attempted to do.  *See*

PLAINTIFFS' RESPONSE TO DEFENDANT
COW PALACE, LLC'S DAUBERT MOTION
TO EXCLUDE TESTIMONY IN RELIANCE
ON THE EPA REPORT AND TO EXCLUDE
EPA REPORT UNDER RULE 403 - 7
Case No. 2:13-cv-03016-TOR

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1  ECF No. 204 ¶¶ 4, 13–23, 38 (vouching for the expertise of commentators from

2  other fields and repeating their critiques of the EPA Report).

3       Further, expert testimony must help the trier of fact to "understand the

4  evidence or determine a fact in issue."  Rule 702; *Luttrell v. Novartis Pharm.*

5  *Corp.*, 894 F. Supp. 2d 1324, 1337 (E.D. Wash. 2012).  Portions of Mr. Maul's

6  declaration merely repeat study limitations that the EPA itself identified in its

7  report.  *See* ECF No. 204 ¶¶ 24, 26, 28, 37.  Cow Palace's attempt to magnify

8  those limitations by having its expert repeat them provide little assistance in

9  understanding the evidence.

10  **D.     The EPA Report Is a Reliable Source of Data**

11       Federal courts give deference to the scientific determinations of federal

12  agencies when they make findings that fall within their special area of expertise.

13  *See Baltimore Gas & Elec. Co. v. Natural Res. Def. Council*, 462. U.S. 87, 103

14  (1983).   The Ninth Circuit has explained that when EPA actions are based on

15  scientific or technical analysis, those actions are entitled to deference.  *See Envtl.*

16  *Def. Ctr. v. U.S. EPA*, 344 F.3d 832, 869 (9th Cir. 2003) ("We treat EPA's

17  decision with great deference because we are reviewing the agency's technical

18  analysis and judgments, based on an evaluation of complex scientific data within

19

20  PLAINTIFFS' RESPONSE TO DEFENDANT
COW PALACE, LLC'S DAUBERT MOTION
TO EXCLUDE TESTIMONY IN RELIANCE
ON THE EPA REPORT AND TO EXCLUDE
EPA REPORT UNDER RULE 403 - 8
Case No. 2:13-cv-03016-TOR

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1  the agency's technical expertise); *see also Chem. Mfrs. Ass'n v. EPA*, 919 F.2d

2  158, 167 (D.C. Cir. 1990) ("It is not the role of the courts to second-guess the

3  scientific judgments of the EPA . . . . ").  Federal courts have rejected attempts to

4  challenge EPA reports on grounds very similar to those offered by Defendants

5  here.  *See Ohio Valley Envtl. Coalition, Inc. v. Fola Coal Co.*, No. 2:13-5006,

6  2014 WL 4925492, at *4–6 (S.D. W. Va. Sept. 30, 2014).   In *Fola Coal*, the

7  court dismissed defendant's challenges to the EPA's conclusions regarding causes

8  of water contamination, which were largely based on study limitations identified

9  within the report itself.  *Id.* at *5.  There as here, "Plaintiffs relied on EPA's

10  [study] as one among a number of scientific studies" supporting their causation

11  arguments.  *Id.* at *4.  Furthermore, the court gave the study deference.  *Id.* at *4–

12  5.

13        The EPA study of nitrate contamination in the Yakima Valley is within the

14  EPA's special area of expertise and is therefore entitled to deference from the

15  Court.  Cow Palace's attacks on the study should be rejected because they are

16  mostly offered by an expert who (1) failed to consider numerous sources of

17  available data before formulating his opinions, including data relied on by the

18  EPA, (2) improperly attempts to bolster his own opinions with inadmissible

19

20  PLAINTIFFS' RESPONSE TO DEFENDANT
COW PALACE, LLC'S DAUBERT MOTION
TO EXCLUDE TESTIMONY IN RELIANCE
ON THE EPA REPORT AND TO EXCLUDE
EPA REPORT UNDER RULE 403 - 9
Case No. 2:13-cv-03016-TOR

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1   hearsay that was not disclosed in either of his expert reports or during his

2   deposition, and (3) largely repeats study limitations identified by the EPA itself.

3        The Court should also reject Cow Palace's attempt to use the four factors

4   identified by the Supreme Court for evaluating scientific testimony as a

5   "checklist" for evaluating the EPA Report. *Daubert*, 509 U.S. at 593.

6        Cow Palace argues that the EPA study used flawed techniques and

7   methods. For example, it critiques the EPA's collection of water from residential

8   wells not intended for groundwater monitoring. As noted, the Report discloses

9   this limitation. ECF No. 204-2 at ES-3. More importantly, however, Plaintiffs'

10   experts used the EPA well testing results as just <u>one</u> data set. They also rely on

11   groundwater monitoring wells installed by the Dairies under the Administrative

12   Order of Consent. *See, e.g.*, ECF No. 223 ¶¶ 54–64 (discussing sampling results

13   from numerous wells).

14        Like its factual analysis, Cow Palace's legal analysis is flawed. For

15   example, *Dodge v. Cotter Corp.*, 328 F.3d 1212 (10th Cir. 2003), on which it

16   relies, is distinguishable. In *Dodge*, the challenged expert had relied on a

17   textbook that was more than thirty years old and established "worldwide average

18   baselines of various substances." 328 F.3d at 1225. In sharp contrast, here the

19

20   PLAINTIFFS' RESPONSE TO DEFENDANT
     COW PALACE, LLC'S DAUBERT MOTION
     TO EXCLUDE TESTIMONY IN RELIANCE
     ON THE EPA REPORT AND TO EXCLUDE
     EPA REPORT UNDER RULE 403 - 10
     Case No. 2:13-cv-03016-TOR

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

EPA used USGS information specific to the Yakima Valley, and collected data from the Valley, to reach conclusions about contamination in the Valley. Moreover, in *Dodge*, the Tenth Circuit concluded that the district court had acknowledged the textbook information was both old and worldwide rather than specific to the region but had failed to explain why the expert's testimony was reliable despite this limitation before admitting the testimony in a jury trial. *Id.* at 1225–26. *Dodge* stands for the unremarkable position that a trial court faced with a challenge to the admissibility of expert testimony must make findings on the record regarding the reliability and relevance of the testimony before admitting it. *Id.* at 1226.

Cow Palace's arguments based on publication and peer review are unpersuasive. In *Daubert*, the Court explained that publication and peer review are not the "*sine qua non* of admissibility." 509 U.S. at 593. Despite this admonition, Cow Palace suggests that the EPA Report is unreliable because it "is not published in any scientific journal" (ECF No. 200 at 14). This argument ignores the fact that government reports—regardless of their validity—generally are not submitted for publication in scientific journals. They are instead subject to agency review and public comment. Moreover, the fact that individuals within

PLAINTIFFS' RESPONSE TO DEFENDANT
COW PALACE, LLC'S DAUBERT MOTION
TO EXCLUDE TESTIMONY IN RELIANCE
ON THE EPA REPORT AND TO EXCLUDE
EPA REPORT UNDER RULE 403 - 11
Case No. 2:13-cv-03016-TOR

1   the EPA, but not affiliated with the study, were recruited to review it does not

2   mean their review should be wholly discounted as Cow Palace suggests (ECF No.

3   200 at 14).

4        Cow Palace also attempts to make much of the fact that Dr. David

5   Tarkalson asked not to be listed as a reviewer of the final report.  Dr. Tarkalson's

6   stated reason for his request not to be listed as a reviewer of the final report was

7   that it includes information not included in the preliminary draft he reviewed.

8   According to Cow Palace, this reveals Dr. Tarkalson's "opinion" of the EPA

9   Report and "its trustworthiness."  ECF No. 200 at 15.  All his comment says,

10  however, is that Dr. Tarklason does not wish to be listed as a reviewer of

11  information that he did not in fact review.  He offers no opinion whatsoever about

12  the validity of the study or report.

13       Cow Palace also argues that it is impossible to assign a known error rate to

14  the EPA's findings.  ECF No. 200 at 15.  These assertions are unsupported by

15  evidence or citation of any kind and should be evaluated accordingly.

16  **E.    The EPA Report is Not Unfairly Prejudicial**

17       Cow Palace's argument that the EPA Report should be excluded under

18  Evidence Rule 403 is groundless.  As an initial matter, Rule 403 plays a limited

19

20  PLAINTIFFS' RESPONSE TO DEFENDANT
    COW PALACE, LLC'S DAUBERT MOTION
    TO EXCLUDE TESTIMONY IN RELIANCE
    ON THE EPA REPORT AND TO EXCLUDE
    EPA REPORT UNDER RULE 403 - 12
    Case No. 2:13-cv-03016-TOR

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1   role, if any, in a bench trial. *See E.E.O.C. v. Farmer Bros. Co.*, 31 F.3d 891, 898

2   (9th Cir. 1994); *Batista v. Supreme Alaska Seafood*, C04-1851RSL, 2005 WL

3   5980048, at *1 (W.D. Wash. Oct. 3, 2005) (finding Rule 403 "irrelevant" in a

4   bench trial).  Second, as shown above, Cow Palace's criticisms of the EPA Report

5   are unfounded.  Third, Cow Palace has failed to explain what "unfair prejudice" it

6   will suffer from admission of the report.  Cow Palace's assertion that Plaintiffs'

7   experts used the EPA Report to "prove" that the Dairies are a source of nitrogen

8   contamination in groundwater (ECF No. 200 at 16) is inaccurate.  To formulate

9   their opinions, Plaintiffs' experts relied on the data included in the EPA Report,

10  along with numerous other sources of data and their expertise, all of which

11  confirm the findings made in the EPA Report.[2]  If anything, Cow Palace's

12  criticisms of the EPA Report go to the weight it should be afforded, not its

13  admissibility.[3]  Nothing precludes Cow Palace from questioning the usefulness of

14  the EPA Report and its conclusions, or from any of its experts challenging the

_____

[2] Cow Palace has not questioned the qualifications of any of Plaintiffs' experts.

[3] In a footnote, Cow Palace reserves the right to challenge admission of the EPA Report as hearsay.  The EPA Report is an admissible public record under Federal Rule of Evidence 803(8)(A)(iii).

PLAINTIFFS' RESPONSE TO DEFENDANT
COW PALACE, LLC'S DAUBERT MOTION
TO EXCLUDE TESTIMONY IN RELIANCE
ON THE EPA REPORT AND TO EXCLUDE
EPA REPORT UNDER RULE 403 - 13
Case No. 2:13-cv-03016-TOR

report—provided the expert's opinions on the subject meet the requirements of Rule 702 and *Daubert*.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Cow Palace's motion to exclude testimony in reliance on the EPA Report and to exclude the EPA Report under Rule 403 (ECF No. 200).

RESPECTFULLY SUBMITTED AND DATED this 1st day of December, 2014.

TERRELL MARSHALL DAUDT
& WILLIE PLLC

By:   /s/ Beth E. Terrell, WSBA #26759
Beth E. Terrell, WSBA #26759
Toby J. Marshall, WSBA #32726
Attorneys for Plaintiffs
936 North 34th Street, Suite 300
Seattle, Washington  98103
Telephone:  (206) 816-6603
Facsimile:  (206) 350-3528
Email:  bterrell@tmdwlaw.com
Email:  tmarshall@tmdwlaw.com

PLAINTIFFS' RESPONSE TO DEFENDANT
COW PALACE, LLC'S DAUBERT MOTION
TO EXCLUDE TESTIMONY IN RELIANCE
ON THE EPA REPORT AND TO EXCLUDE
EPA REPORT UNDER RULE 403 - 14
Case No. 2:13-cv-03016-TOR

1   Brad J. Moore, WSBA #21802
    Attorneys for Plaintiffs
2   200 Second Avenue West
    Seattle, Washington 98119-4204
3   Telephone: (206) 448-1777
    Facsimile: (206) 728-2131
4   Email: brad@stritmatter.com

5   Charles M. Tebbutt, WSBA #47255
    Daniel C. Snyder, *Admitted Pro Hac Vice*
6   Attorneys for Plaintiffs
    LAW OFFICES OF CHARLES
7      M. TEBBUTT PC
    941 Lawrence Street
8   Eugene, Oregon 97401
    Telephone: (541) 344-3505
9   Facsimile: (541) 344-3516
    Email: charlie.tebbuttlaw@gmail.com
10  Email: dan.tebbuttlaw@gmail.com

11  Elisabeth A. Holmes, *Admitted Pro Hac Vice*
    George Andreas Kimbrell
12  Attorneys for Plaintiffs
    CENTER FOR FOOD SAFETY
13  303 Sacramento Street, 2nd Floor
    San Francisco, California 94111
14  Telephone: (415) 826-2770
    Facsimile: (415) 826-0507
15  Email: eholmes@centerforfoodsafety.org
    Email: gkimbrell@centerforfoodsafety.org
16
    Jessica L. Culpepper, *Admitted Pro Hac Vice*
17  PUBLIC JUSTICE
    Attorneys for Plaintiffs
18  1825 K Street Northwest, Suite 260
    Washington, DC 20006
19

20  PLAINTIFFS' RESPONSE TO DEFENDANT
    COW PALACE, LLC'S DAUBERT MOTION
    TO EXCLUDE TESTIMONY IN RELIANCE
    ON THE EPA REPORT AND TO EXCLUDE
    EPA REPORT UNDER RULE 403 - 15
    Case No. 2:13-cv-03016-TOR

Telephone:  (202) 797-8600
Facsimile:  (202) 232-7203
Email: jculpepper@publicjustice.net

PLAINTIFFS' RESPONSE TO DEFENDANT
COW PALACE, LLC'S DAUBERT MOTION
TO EXCLUDE TESTIMONY IN RELIANCE
ON THE EPA REPORT AND TO EXCLUDE
EPA REPORT UNDER RULE 403 - 16
Case No. 2:13-cv-03016-TOR

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1        <u>CERTIFICATE OF SERVICE</u>

2        I, Beth E. Terrell, hereby certify that on December 1, 2014, I electronically

3   filed the foregoing with the Clerk of the Court using the CM/ECF system which

4   will send notification of such filing to the following:

5                Mathew Lane Harrington
                 Olivia E. Gonzalez
6                Attorneys for Defendant Cow Palace, LLC
                 STOKES LAWRENCE PS
7                1420 Fifth Avenue, Suite 3000
                 Seattle, Washington  98101-2393
8                Telephone: (206) 892-2123
                 Email: mlh@stokeslaw.com
9                Email: olivia.gonzalez@stokeslaw.com

10               Debora Kathleen Kristensen
                 Jeffrey C. Fereday, *Admitted Pro Hac Vice*
11               Preston N. Carter, *Admitted Pro Hac Vice*
                 Attorneys for Defendant Cow Palace, LLC
12               GIVENS PURSLEY LLP
                 601 West Bannock
13               P.O. Box 2720
                 Boise, Idaho  83702
14               Telephone:  (208) 388-1200
                 Facsimile:  (208) 388-1300
15               Email: dkk@givenspursley.com
                 Email: jefffereday@givenspursley.com
16               Email: prestoncarter@givenspursley.com

17

18

19

20   PLAINTIFFS' RESPONSE TO DEFENDANT
     COW PALACE, LLC'S DAUBERT MOTION
     TO EXCLUDE TESTIMONY IN RELIANCE
     ON THE EPA REPORT AND TO EXCLUDE
     EPA REPORT UNDER RULE 403 - 17
     Case No. 2:13-cv-03016-TOR

Brendan Victor Monahan
Sean A. Russel
Attorneys for Defendant Cow Palace, LLC
STOKES LAWRENCE VELIKANJE MOORE & SHORE
120 North Naches Avenue
Yakima, Washington  98901-2757
Telephone:  (509) 853-3000
Facsimile: (509) 895-0060
Email: bvm@stokeslaw.com
Email: sean.russel@stokeslaw.com

Ralph H. Palumbo, WSBA #4751
Attorneys for The Dolsen Companies and Three D Properties, LLC
SUMMIT LAW GROUP PLLC
315 Fifth Avenue South, Suite 1000
Seattle, Washington  98104-2682
Telephone: (206) 676-7000
Facsimile: (206) 676-7001
Email: ralphp@summitlaw.com
Email: cherylm@summitlaw.com

DATED this 1st day of December, 2014.

TERRELL MARSHALL DAUDT
& WILLIE PLLC

By:   /s/ Beth E. Terrell, WSBA #26759
      Beth E. Terrell, WSBA #26759
      Attorneys for the Plaintiffs
      936 North 34th Street, Suite 300
      Seattle, Washington  98103-8869
      Telephone:  (206) 816-6603
      Facsimile:  (206) 350-3528
      Email:  bterrell@tmdwlaw.com

PLAINTIFFS' RESPONSE TO DEFENDANT
COW PALACE, LLC'S DAUBERT MOTION
TO EXCLUDE TESTIMONY IN RELIANCE
ON THE EPA REPORT AND TO EXCLUDE
EPA REPORT UNDER RULE 403 - 18
Case No. 2:13-cv-03016-TOR