UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| COMMUNITY ASSOCIATION FOR RESTORATION OF THE ENVIRONMENT, INC, a Washington Non-Profit Corporation; and CENTER FOR FOOD SAFETY, INC., a Washington, D.C. Non-Profit Corporation, <br><br> Plaintiffs, <br><br> v. <br><br> COW PALACE, LLC, a Washington Limited Liability Company, et al., <br><br> Defendants. | NO:  2:13-CV-3016-TOR <br><br> ORDER DENYING DEFENDANT COW PALACE, LLC'S MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL AND TO STAY PROCEEDINGS |

BEFORE THE COURT are Defendant Cow Palace, LLC's Motion for

Certification for Interlocutory Appeal of Order Re: Cross Motions for Summary

Judgment and Motion to Stay Proceedings Pending Interlocutory Appeal (ECF No.

322) and Motion to Expedite (ECF No. 323).  These matters were submitted for

ORDER DENYING MOTION FOR CERTIFICATION FOR INTERLOCUTORY
APPEAL AND TO STAY PROCEEDINGS ~ 1

consideration without oral argument.  The Court has reviewed the briefing and the

record and files herein, and is fully informed.

## BACKGROUND

On January 14, 2015, this Court issued its Order Re: Cross Motions for

Summary Judgment ("Order").  ECF No. 320.  In its Order, this Court found, *inter*

*alia*, no genuine issue of material fact that Defendants' application, storage, and

management of manure at Cow Palace Dairy violated RCRA's substantial and

imminent endangerment and open dumping provisions.  *Id.* at 109.  Trial regarding

several other issues of liability and remedies is currently set to begin March 23,

2015, for this matter.  Multiple other dairies face proceedings before this Court

involving the same or similar issues.  *See CARE v. George & Margaret LLC*, No.

13-cv-3017-TOR; *CARE v. Henry Bosma Dairy*; No. 13-cv-3019.

In the instant Motion, Defendant Cow Palace seeks certification for

interlocutory appeal and a stay of these proceedings pending appeal.  ECF No. 322.

If the Court grants this Motion, Defendant seeks final resolution from the Ninth

Circuit regarding whether RCRA applies to dairies' manure management

operations.  *Id.* at 2.  Plaintiffs oppose both certification for interlocutory appeal

and a stay of these proceedings.  ECF No. 325.

Given the quickly-approaching trial date, this Court will first consider

whether, if it were to grant certification for interlocutory appeal, it would stay these

1  proceedings pending resolution by the Ninth Circuit.  After all, an interlocutory

2  appeal makes little sense with final resolution of this case less than two months

3  away, unless this Court also stays these proceedings.

## DISCUSSION

### A. Stay of Proceedings

6  If a party successfully appeals under 28 U.S.C. § 1292(b), such application

7  "shall not stay proceedings in the district court unless the district judge or the

8  Court of Appeals or a judge thereof shall so order."  28 U.S.C. 1292(b).  "The

9  district court has broad discretion to stay proceedings as an incident to its power to

10  control its own docket."  *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  Courts

11  traditionally consider four factors when determining whether to grant a stay

12  pending the appeal of a civil order: (1) the likelihood of the moving party's success

13  on the merits; (2) whether the moving party will be irreparably injured if a stay is

14  not granted; (3) whether a stay will substantially injure the opposing party; and (4)

15  the public interest.  *See Nken v. Holder,* 556 U.S. 418, 426 (2009) (citing *Hilton v.*

16  *Braunskill*, 481 U.S. 770, 776 (1987)).

17  Here, this Court finds the public interest in addressing current levels of

18  contamination and minimizing any further risk of harm immeasurably outweighs

19  any argument in favor of staying these proceedings pending appeal.   As this Court

20  determined in its previous Order, the Dairy's operations may currently be

ORDER DENYING MOTION FOR CERTIFICATION FOR INTERLOCUTORY
APPEAL AND TO STAY PROCEEDINGS ~ 3

1    presenting an imminent and substantial engagement to the nearby residents who

2    are consuming the nitrate-contaminated groundwater.  ECF No. 320 at 104-05.

3    Any delay in these proceedings only increases the already-present risk to the public

4    health.   Accordingly, this Court declines to stay these proceedings if it grants

5    certification for interlocutory appeal.

6    **B. Certification for Interlocutory Appeal**

7         Pursuant to 28 U.S.C. § 1292(b), an otherwise non-final order may be

8    subject to interlocutory appeal if the district court certifies, in writing, the

9    following: (1) the order involves a "controlling issue of law," (2) the controlling

10   issue of law is one to which there is a "substantial ground for difference of

11   opinion," and (3) "an immediate appeal from the order may materially advance the

12   ultimate termination of the litigation."  28 U.S.C. § 1292(b).  If permission for

13   interlocutory appeal is required, "the district court may amend its order, either on

14   its own or in response to a party's motion, to include the required permission or

15   statement."  Fed. R. App. Proc. 5(a)(3).  As the Ninth Circuit has noted "the

16   legislative history of 1292(b) indicates that this section was to be used only in

17   *exceptional* situations in which allowing an interlocutory appeal would avoid

18   protracted and expensive litigation."  *In re Cement Antitrust Litig.*, 673 F.2d 1020,

19   1026 (9th Cir. 1982) (emphasis added); *see also Coopers & Lybrand v. Livesay*,

20   437 U.S. 463, 474 (1978) ("[E]ven if the district judge certifies the order under

§ 1292(b), the appellant still 'has the burden of persuading the court of appeals that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.").

Here, this Court declines to certify its Order for interlocutory appeal. Although the first two factors are arguably satisfied, this Court finds that an immediate interlocutory appeal will not materially advance the termination of litigation, even considering the lenient "may" standard afforded by the statutory text.  Trial is scheduled to begin in less than two months.  Defendant's Motion comes after two years of extensive discovery and dispositive motion practice and immediately before final resolution of this matter at trial.   Without a stay of proceedings, which this Court declines to grant as discussed above, an interlocutory appeal cannot materially advance this litigation: even if the Ninth Circuit were to grant Defendant the relief it seeks, such a ruling could not possibly come into effect before trial has concluded and the remaining liability and remedy issues resolved.  Therefore, because granting certification for appeal would not materially advance termination of litigation or otherwise "avoid protracted and expensive litigation," *In re Cement Antitrust Litig.*, 673 F.3d at 1026, this Court **DENIES** Defendant Cow Palace's motion for certification for interlocutory appeal.

//

//

ORDER DENYING MOTION FOR CERTIFICATION FOR INTERLOCUTORY
APPEAL AND TO STAY PROCEEDINGS ~ 5

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant Cow Palace, LLC's Motion for Certification for Interlocutory Appeal of Order Re: Cross Motions for Summary Judgment and Motion to Stay Proceedings Pending Interlocutory Appeal (ECF No. 322) is **DENIED**.

2. Defendant's Motion to Expedite (ECF No. 323) consideration of the following motion is **GRANTED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** January 28, 2015.



THOMAS O. RICE
United States District Judge